

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KELLY G. BRANDS,                        §
                                        §
            Plaintiff,                  §
                                        §
VS.                                     §   NO. 4:11-CV-834-A
                                        §
JAMES B. NUTTER & COMPANY AND           §
DOES 1 THROUGH 20,                      §
                                        §
            Defendants.                 §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on October 17, 2011, in the District Court of Tarrant County, Texas, 153rd Judicial District, as Case No. 153-256010-11, by the filing by plaintiff, Kelly Brands, of her original petition ("petition"), against defendant,

James B. Nutter & Company.[1]  Defendant removed the action to this court by notice of removal filed December 1, 2011.

On March 21, 2012, pursuant to this court's order, defendant filed an amended notice of removal.  In its amended notice of removal, defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of her petition, plaintiff does not state a specific amount of damages.  Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff is attacking defendant's right to enforce the note and deed of trust, the minimum amount in controversy can be based on either the property value or alternatively, the original principal amount of the note.  In support of its position, defendant cites to legal authority standing for the proposition that the value of the property constitutes the proper measure of the amount in controversy in an action such as this one.  Am. Notice of Removal

---

[1]The caption of plaintiff's petition includes as defendants "Does 1 through 20," but plaintiff does not ever reference these unnamed defendants in the body of the petition; nor do they appear in the section titled "PARTIES." Pet. at 5.  The court is not considering the citizenship or the inclusion of these defendants for any purpose in this case.

at 3-4.  Defendant argues there is sufficient information in the
pleadings to determine that the value of the property constitutes
the amount in controversy, because plaintiff is making an
"attempt to receive a free home," and in her attempt to pursue
that goal, "has made the subject property the object of this
litigation."  Id. at 6.  Alternatively, defendant argues that the
original principal amount of the note could also constitute the
amount in controversy, because plaintiff is alleging that
defendant "has no right to enforce the note and deed of trust,"
and because her allegations, if true, "could possibly result in
[defendant's] loan be[ing] declared void by this court."  Id.

     After having evaluated the pleadings, and after reviewing
applicable legal authorities, the court remains unpersuaded that
the amount in controversy in this action exceeds the required
amount.

II.

Basic Principles

     The court starts with a statement of basic principles
announced by the Fifth Circuit:

     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to
federal court any state court action over which the federal
district courts would have original jurisdiction.  "The removing
party bears the burden of showing that federal subject matter

3

jurisdiction exists and that removal was proper." Manguno v.
Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2001). "Moreover, because the effect of removal is to deprive
the state court of an action properly before it, removal raises
significant federalism concerns, which mandate strict
construction of the removal statute." Carpenter v. Wichita Falls
Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation
omitted). Any doubts about whether removal jurisdiction is
proper must therefore be resolved against the exercise of federal
jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th
Cir. 2000).

To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiff's state court petition. Manguno, 276 F.3d at
723. If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000.00, the removing
party must set forth summary judgment-type evidence, either in
the notice of removal or in an affidavit, showing by a
preponderance of the evidence that the amount in controversy
exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d
1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective
of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618

4

(5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

### The True Nature of Plaintiff's Claims

Plaintiff's petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented.  As a result, the court has evaluated the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendant from taking possession of the property pursuant to foreclosure proceedings.  As the petition alleges, plaintiff pursues that goal by seeking (a) an order barring any eviction or foreclosure proceedings, voiding the assignment of the deed of trust, and quieting title to the property in plaintiff, and (b) a money judgment to compensate her for damages she has suffered, because defendant lacked the proper authority to foreclose on the property or to threaten her with a foreclosure sale.  The court has not been provided with any information from which it can

5

determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the value of the property or the original principal amount of the note could serve as the amount in controversy because plaintiff asserts equitable relief in the form of a claim for declaratory relief.  Defendant relies on the oft-cited argument that in actions seeking declaratory or injunctive relief, "the amount in controversy is the 'value of the objection of the litigation.'"  Am. Notice of Removal at 4, ¶ 12.  In the section of its amended notice of removal quoted in section I of this memorandum opinion, defendant suggests that the value of the object of the litigation could be either the value of the property, or alternatively, the original principal amount of the note.

For the value of the property, defendant asserts that the amount in controversy is $78,900.00, the tax appraisal value of the property provided by the Tarrant County Central Appraisal District, or $105,174.32, the foreclosure sale price that defendant paid on September 6, 2011.  Id. at 5, 7, Ex. A.  Alternatively, defendant asserts that the original principal amount of the note, $83,920.00, could also serve as the amount in controversy.  Id. at 5, ¶ 14.

However, the court is not persuaded by the argument that any of these figures supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity she has in the property. Defendant does not cite to, nor can the court discern, any such statement to support a finding that the property value or the original principal amount of the note is the amount in controversy. That is, defendant's attribution of these figures as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[2]

The court likewise rejects defendant's alternative argument that $83,920.00, the original principal amount of the note, serves as the amount in controversy. Again, defendant points no allegation in the petition to show by a preponderance of the evidence that the value to plaintiff of the order she seeks from the court is equal to that particular amount.

_____

[2] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135, *4-5 (N.D. Tex. Mar. 14, 2011). Like Ballew, the plaintiff in this case is not challenging the validity of the note or the deed of trust; rather, she merely disputes that defendant is the one having the right to enforce those documents. Id. at *5.

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that she is entitled to hold legal title in the property, she does not assert that such relief is based on a claim that she has outright ownership of the property, free of any indebtedness. Indeed, plaintiff makes statements to suggest that her ownership of the property is encumbered by a debt, or more precisely, a security lien.[3] The value to plaintiff of her rights in the litigation is, at most, the value of her interest in the property, not the value of the property itself. Defendant therefore has not established the value of plaintiff's interest in the property.

Thus, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of

---

[3] Plaintiff alleged in her petition that the "loan is memorialized via a Deed of Trust and Promissory Note" and that she has been "deprived of an opportunity to cure [her] delinquencies" and "pay [her] mortgage loans"; she further requests a copy of the "pooling and servicing agreement (PSA) in which the loan related to the land was pooled." Notice of Removal, Ex. I-1 at 5, 18 ¶ 114.

defendant to persuade the court that subject matter jurisdiction exists.                            IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED March 26, 2012.

JOHN McBRYDE
United States District Judge